# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

FEDERATED MUTUAL
INSURANCE COMPANY,

Petitioner,

vs().

CAPSTONE FUNERAL
HOLDINGS OF FL LLC,

Respondent.

Case No.
6:24-cv-1710-WWB-RMN

## ORDER

This matter is before the Court on Petitioner's Motion to Appoint an Umpire for Appraisal Process (Dkt. 12), filed January 7, 2025. Although Petitioner noted in the motion it was opposed, Respondent has not filed a response in opposition, and the time to do so has passed. The motion was referred to the assigned magistrate judge for consideration.

## I. BACKGROUND

On September 20, 2024, Petitioner filed a Petition to Appoint an Umpire for Appraisal Process ("Petition") related to a property claim made by Respondent under a commercial property insurance policy issued by Petitioner. Dkt. 1. The Petition sought the appointment of an umpire because the parties' appraisers had been unable to agree upon an umpire as provided in the insurance policy.

*Id.* at 3. Under the insurance policy, when the appraisers cannot agree on an umpire, a party may apply to have a court having jurisdiction make the selection. *Id.* Respondent filed a response to the Petition on November 8, 2024, and an amended response a few days later (together, "Response"). Dkts. 6, 7.

Petitioner later filed the instant motion, which is ripe for adjudication.

## II.  ANALYSIS

Petitioner's request that the Court appoint a neutral umpire pursuant to its policy constitutes a civil action. *See United Specialty Ins. v. W2S, LLC*, No. 6:19-cv-1705, 2020 WL 1277508, at *2 (M.D. Fla. Mar. 2, 2020), *report and recommendation adopted*, 2020 WL 1275647 (M.D. Fla. Mar. 17, 2020). The invocation of the appraisal provision in the policy reflects a disagreement regarding the amount of loss, and for the appraisal to proceed, a qualified, impartial umpire must be selected. *See* Dkt. 1 at 2–3. Thus, there appears to be a justiciable issue for the Court to resolve.

But before it may grant the requested relief, the Court must assure itself that it has subject matter jurisdiction over the dispute. *See, e.g.*, *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."). And if there are any doubts about jurisdiction, the Court must raise the issue itself. *See id.* (citing, among

other authorities, *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985)).

Upon review of the Petition and Response, the Court notes the parties appear to dispute certain jurisdictional facts. The Petition indicates the parties are diverse as Petitioner is a citizen of Minnesota and Respondent is citizen of Florida and Michigan. Dkt. 1 at 1–2. The Response, however, denies that Respondent is a citizen of Florida and Michigan. Dkt. 7 at 1–2. The parties therefore dispute a key jurisdictional fact, which is not addressed in the motion. *See* Dkt. 12 at 1–3.

The Court is also not bound by the parties' jurisdictional contentions. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000–01 (11th Cir. 1982) ("The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties."). It may require the parties to present facts outside the pleadings if the Court doubts its subject matter jurisdiction. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

Considering the contested jurisdictional assertions in the pleadings and no evidence that the Court has jurisdiction to consider the parties dispute, the Court will deny the motion without prejudice. Either party (or both) may renew the motion, but any such motion shall address the Court's subject matter jurisdiction and attach evidence establishing that the parties are diverse and the amount in controversy exceeds $75,000. Failure to renew the motion in a timely manner may result in the dismissal of this case without prejudice and

without further notice. If the party opposing the motion does not file a written response, the Court may grant the motion in the movant's favor on that basis alone.

### III.  CONCLUSION

Accordingly, it is **ORDERED**:

1. Petitioner's Motion to Appoint an Umpire for Appraisal Process (Dkt. 12) is **DENIED without prejudice**;

2. Petitioner may renew the motion on or before February 26, 2025. In the renewed motion, Petitioner shall proffer evidence supporting its claim the Court has jurisdiction to hear this dispute; and

3. Failure to renew the motion may result in the dismissal of the Petition without prejudice and without further notice.

**DONE** and **ORDERED** in Orlando, Florida, on February 12, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:
Counsel of Record